UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                        CRIMINAL ACTION

VERSUS                                                                              NO. 11-268

BLAINE PENNISON                                                       SECTION "K"

## ORDER AND REASONS

Before the Court is Defendant Blaine Pennison's Motion to Adjust and Reduce His Sentence, Consistent with the Factors to Be Considered Under U.S.S.G. § 5G.1.3(c). (Rec. Doc. 100). The matter is presently set for hearing on July 28, 2016. The Court has reviewed the motion, memoranda, exhibits, a transcript of its extensive reasons for sentencing, and the relevant law, and the Court finds it without merit for the reasons that follow.

**Background**

On March 12, 2014, this Court conducted a sentencing hearing with respect to the defendant. At that time the Court ruled on a number of objections made to the defendant's Presentence Investigation Report. The hearing included an extensive discussion concerning whether it was the Court's intention for the defendant to receive credit for time served including (1) time allocated as time served on a state charges which served as the basis for the instant federal charge as well as (2) time served allocated to the revocation of parole and sentence on a prior state conviction which revocation was the result of the instant offense. A review of a transcript of that hearing as well as subsequent orders demonstrates that this Court determined that the defendant should receive credit for time served "from the time of his arrest on August 13, 2009, on the related State charge." Moreover, it is equally clear that the probation officer

did not apprise the Court at that time of 18 U.S.C. § 3585 as well as the guidelines that the Bureau of Prisons (BOP) uses with respect to whether time served on a state charge may be counted against a federal sentence. These provisions under the circumstances of this case, specifically precluded the time served on the revocation of parole from being counted against the new federal sentence.

Section 3585 provides as follows:

> **(b) Credit for prior custody.**–A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> **that has not been credited against another sentence.**

28 U.S.C. § 3585 (emphasis added). Thus, the Court was under the mistaken apprehension that the period of time comprised of time served on the parole revocation could be credited when by statute, it could not.

Thus, when the defendant filed his First Motion to Amend/Correct Sentence on October 22, 2014 (Doc. 86), this Court issued an order granting that motion on December 3, 2014 (Doc. 89) ordering the Judgment be amended to read: "100 months. This term consists of 100 months as to each of Count 1 and Count 2, all such terms to be served concurrently with parole violation. Defendant shall receive credit for time served from the time of his arrest on August 13, 2009 on the related State charge."

Thereafter, the defendant filed his First Motion to Compel the Federal Bureau of Prisons to Re-Calculate Prisoner's Release Date on March 11, 2015 (Doc. 91). This Court granted that motion on 3/17/15 (Doc. 92) stating that the "Federal Bureau of Prisons shall immediately re-

calculate the date of Prisoner Blaine Pennison's release date consistent with Court's Order entered on December 3, 2014 [R Doc.89] and the amendment to Petitioner's Judgment contained in that Order".

On October 1, 2015, the Court issued an Order treating a second letter received by defendant which it construed as his Second Motion to Compel the Federal Bureau of Prisons to Re-Calculate Prisoner's Release Date. (Doc. 94). In that order, as a result of the Court's consultation with the Bureau of Prisons and having been apprised of constraints concerning the application of that revocation time served, the Court explained:

> The defendant was arrested on the instant offense on August 13, 2009. This arrest caused his parole on Louisiana state charges to be revoked on October 26, 2009. The Federal Bureau of Prisons (BOP) has given Blaine Pennison #32176-034 jail credit for 74 days from the date of his arrest up until the day before his revocation sentencing. According to the BOP Sentence Computation Manual, *Per PS 5880.28: CN-03, February 14, 1997, Page 1-22; "Credit shall not be given for any time spent in non-federal pre-sentence custody prior to the date of the SRA offense. Further, if the release from the non-federal sentence occurs prior to the commencement of the federal sentence, then any non-federal pre-sentence time awarded on the state sentence shall not be applied to the federal sentence."*
> This Court cannot compel the BOP to disregard *PS 5880.28* relating to pre-sentence time credit. Therefore, Blaine Pennison's applicable credit to his federal sentence in this case are the dates August 13, 2009 through October 25, 2009, which have already been applied by the BOP.

(Doc. 94). The Court then dismissed the "motion" as moot. The Court was not apprised of this provision at sentencing and indeed was told by the Probation Office that "probation would not be opposed to the Defendant getting credit all the way back to the time that he was originally incarcerated" and to have the "sentence run concurrently." (Rec. Doc. 84 at 28 of 35).

Thus it is clear from all of the materials which the Court has reviewed that there are four distinct periods of time at issue to which the question of entitlement to credit for time served under the BOP guidelines attaches.

First: From August 13, 2009 when the defendant was arrested on the charges that form the basis of this federal charge, which state charges were "nolle pros-ed" to August 16, 2009, the day before he was transferred to Hunt Correctional, on the basis of the parole violation (DKT #304605). (Exh. A).

Second: The period from August 17, 2009, that being from the day the defendant was transferred to Hunt Prison on the parole violation to the day before his parole was revoked to October 25, 2009. For a period of time, BOP granted the defendant 74 days for the first and second periods. (Doc. 105-2, Exh. B). However, on May 24, 2016, the BOP determined that both of these periods should not be counted based on PS 5880.28(CN-03).

Third: The period from the day his parole was revoked on October 26, 2009, to the day before he was released from custody on the parole violation on September 10, 2012. the time he served could not be counted because it was a Diminution of Sentence was rendered releasing him from state custody on the parole violation on September 11, 2012.

Fourth: The period of time, that being from September 11, 2012 until sentencing on March 11, 2014, which would count toward the "time served" on the

>instant violation for which the Court, properly and with a basis in the law, intended credited to be given.

Subsequently, on November 18, 2015, the Court granted the Motion to Reduce Sentence (Do. 85) on the grounds that Pennison's term of imprisonment was based on a sentencing range that was subsequently lowered by the Sentencing Commission.  The Court reduced the defendant's sentence from 100 months to 84 months as to Counts 1 and 2. (Doc. 95).

On May 16, 2016, the instant motion was filed by counsel.  The Court ordered a response to be filed by the United States on or before June 20, 2016 with a reply by defendant to be filed by June 27, 2016.  The sole basis defendant's counsel has cited as legal support for his motion is USSG § 5G1.3(c).  The defendant in this motion asks the Court to re-sentence the defendant and contends without citation or case law that the Court "can adjust and reduce defendant's sentence."  Defense counsel asks the Court:

>to reduce defendant's sentence to achieve a reasonable punishment that is consistent with the Court's original perception and understanding of defendant's likely time to be served before release. . . .The defense respectfully submits that [considering U.S.S.G.5G1.3(c) factors] defendant's sentence can and should be reduced by the length of time dating from October 26, 2009–the date of defendant's parole revocation until March 12, 2014–the date on which the defendant was sentenced on the instant offense or a period of 4 years, 4 months, two weeks, and two days.

(Doc. 100-1 at 5-6 of 9).

The Government filed its opposition on June 6, 2016, and in that memorandum, the Court was apprised that apparently, the BOP only received a copy of the defendant's Diminution of Sentence from the Louisiana Department of Corrections on May 13, 2016.  As a result, BOP added additional jail credit from September 11, 2012 to March 11, 2014 to the defendant's federal sentence.  (Doc. 105 at 4 of 12 and Ex. D and E), but subtracted the previously granted

74 day period from Aug13, 2009 through October 25, 2009 as it "was improperly applied to Pennison's federal sentence." Simply put, as of the date of this Order, Mr. Pennison has been given a total of 546 days for prior credit time. (Exh. D) The BOP provided the following "remarks." It is not clear whether this 546 day period includes the "first" three day period before the state revocation proceedings commenced.

## ANALYSIS

In neither the initial motion nor defendant's reply brief, does the defendant inform the Court of a jurisdictional basis for the relief sought. The Court must examine whether it has such jurisdiction. Clearly, it does not.

> Section 3582(b) and (c) of Title 18 of the United States Code provides in relevant part:
>
> **(b)  Effect of finality of judgment.**  Notwithstanding the fact that a
> sentence to imprisonment can subsequently be–
> (1) modified pursuant to the provision of subsection (c);
> (2) corrected pursuant to the provision of of rule 35 of the Federal Rules
> of Criminal Procedure and section 7342; or
> (3) appealed and modified, if outside the guideline range, pursuant
> tot eh provisions of section 3742;
> a judgment of conviction that includes such a sentence constitutes a final
> judgment for all other purposes.

18 U.S.C. §3582(b).  Moreover, subsection (c) of the statute makes clear that a court may not modify a term of imprisonment once it has been imposed unless (1) the Director of the Bureau of Prisons moves for such a reduction based on enumerated factors and the Court's evaluation of the motion under 18 U.S.C. 3553(a) or if it is allowed under Fed. R. Crim. P. 35. Also, the Court may modify a sentence where the Sentencing Guideline Commission range has been reduced and

6

applied retroactively which provision used and resulted in the defendant's sentence being reduced from 100 months to 84 months. *See Dillon v. United States* 560 U.S. 817, 824 (2010).

Thus, the only jurisdictional basis for the Court to address the issue presented would be under Rule 35 or 18 U.S.C. § 3742. The provisions for modification of a sentence under § 3742 are available to a defendant only upon direct appeal of sentence or conviction. *United States v. Early*, 27 F.3d 140 (5th Cir. 1994) (citing *Williams v. United States*, 503 U.S. 193 (1992). No direct appeal was lodged by the defendant; indeed he waived his right to direct appeal in his plea agreement.[1] Moreover, § 3742 does not permit an appeal beyond the 60-day period set forth in Fed. R. App. Pro. 4(b). Moreover, none of the provisions of Rule 35 applies. Subsection (a) concerns the correction of an arithmetical, technical or other clear error and must be done within 14 days after the sentencing. Fed. R. Crim. Pro. 35(a). Subsection (b) only applies to a government motion based on substantial assistance which is not the case herein.

Thus, the Court is without jurisdiction to amend the defendant's sentence under the law. Moreover, given the facts of this case, the Court finds that it has provided for a much a reduction in sentence as the defendant is entitled. Moreover, if the defendant seeks to challenge the execution of his federal sentence, the proper vehicle is under 28 U.S.C. § 2241 and such a proceeding must be brought in the district where a defendant is incarcerated. *Gallegos-Hernandez*, 688 F.3d 190 ,194 (5th Cir. 2012); *United States v. Gabor*, 905 F.2d 76 (5th Cir. 1990). Accordingly,

**IT IS HEREBY ORDERED** that the defendant's motion is **DENIED** as the Court lacks jurisdiction over the matter.

---

[1] Likewise, this Court will not treat the motion as one raised un 28 U.S.C. § 2255. It is untimely and is in contravention of his waiver of appeal.

New Orleans, Louisiana, this 25th day of July, 2016.

                                      **STANWOOD R. DUVAL, JR.**
                            **UNITED STATES DISTRICT COURT JUDGE**